# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6668 | **DATE** | 1/10/2003 |
| **CASE TITLE** | Estell Gaines vs. City of Harvey, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due____. Reply to answer brief due____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion for summary judgment (R.17-1) and the Plaintiff's cross-motion for summary judgment (R.22-1) are both denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JAN 13 2003 | |
| | Notified counsel by telephone. | | date docketed | 31 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| ESTELL GAINES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 01 C 6668 |
|  | ) |  |
| CITY OF HARVEY, POLICE OFFICER DAVID CLAY, POLICE OFFICER STANON BAILEY, and ROSE WORDLAW, | ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

**DOCKETED**
JAN 1 3 2003

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge

Defendants City of Harvey, David Clay and Stanton Bailey have moved for summary judgment. Plaintiff Estell Gaines has cross-moved for summary judgment on Counts I, II, IV and V of her Amended Complaint. For the reasons set forth below, both motions for summary judgment are denied.

## LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party that bears the burden of proof on a particular issue, however, may not rest on its pleadings but must affirmatively demonstrate that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. at 2553. The Court "considers the evidentiary record in the light most favorable to the non- moving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). The Court accepts nonmovants' version of any disputed facts but only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## BACKGROUND

Plaintiff Estell Gaines and Defendant Rose Wordlaw are sisters. (*See* R. 22-1, Pl.'s LR. 56.1(a)(3) Resp., ¶ 6.) On April 1, 2001, Wordlaw allegedly battered and pointed a handgun at Gaines, threatening to kill her. (*See* R. 12-1, Am. Compl., ¶ 8.) Wordlaw was arrested and charged with domestic battery and aggravated assault. (*Id.*) On April 3, 2001, the Circuit Court of Cook County entered a Plenary Order of Protection, directing Wordlaw to stay away from Gaines, her family and her home during the pendency of the criminal proceedings against Wordlaw. (*Id.* ¶ 9.)

On May 18, 2001, Gaines visited her brother, who lives next door to the Defendant Wordlaw. Shortly after Gaines arrived at her brother's residence, Wordlaw apparently contacted the police to report a violation of the Order of Protection. (*See* R. 22-1, Pl.'s LR. 56.1(a)(3) Resp., ¶¶ 5, 7.) Wordlaw told responding officer David Clay that Gaines had said that "she was going to get" Wordlaw. (*Id.* ¶ 8.) Wordlaw showed Clay a copy of the Order of Protection and

explained that it had been obtained by Gaines against Wordlaw. (*Id.* ¶¶ 10-13.) Nonetheless, Clay apparently believed that the Order of Protection applied to Gaines and he went next door to arrest her for violating the Order. (*Id.* ¶ 14.)

On June 11, 2002, Gaines again visited her brother at his residence. Officer Stanton Bailey responded to a complaint at that location concerning a violation of the Order of Protection. (*See* R. 22-1, Pl.'s LR. 56.1(a)(3) Resp., ¶¶ 17-18.) When Bailey arrived, Wordlaw claimed that Gaines had said that she was going to get Wordlaw. (*Id.* ¶ 19.) Wordlaw showed Bailey the incident report relating to the May 17 arrest and told him that Gaines had obtained the Order of Protection against Wordlaw. (*See* 22-1, Pl.'s LR. 56.1(b)(3)(B) Statement, ¶ 19.) Nonetheless, Bailey apparently believed that the Order of Protection applied to Gaines, and he arrested Gaines for violating the Order and assault. (*See* R. 22-1, Pl.'s LR. 56.1(a)(3) Resp., ¶ 21.)

## ANALYSIS

### I. DEFENDANTS' LR 56.1 STATEMENT

As an initial matter, Plaintiff argues that Defendants' motion for summary judgment should be denied because it was not accompanied by a statement of material facts supporting summary judgment as required under LR 56.1(a)(3). Defendants subsequently tried to cure this defect by filing a "supplement" to their motion for summary judgment, summarizing those facts that they contend support summary judgment. At this stage then, both Plaintiff and this Court have the benefit of understanding the purported evidentiary basis for Defendants' contention that summary judgment is appropriate. Regardless, this Court need not address Plaintiff's suggestion

3

that Defendants' LR 56.1 Statement requires denial of its summary judgment motion because, as discussed below, this Court concludes that Defendants' motion for summary judgment should be denied on the merits.

## II. PROBABLE CAUSE

Both Defendants' motion for summary judgment and Plaintiff's cross-motion for summary judgment center on whether Clay and Bailey had probable cause to arrest Gaines on May 18 and June 11 respectively.[1]

A police officer may make a warrantless arrest based upon probable cause only "if the information available to the officer at the time of the arrest indicates that the arrestee has committed a crime." *BeVier v. Hucal*, 806 F.2d 123, 126 (7th Cir. 1986); *see also Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) ("Probable cause has been defined as facts and circumstances sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.) (quotations omitted). Further, the officer may not make an arrest based upon information from a witness unless the information "establishes the elements of a crime." *Pasiewicz v. Lake County Forest Preserve District*, 270 F.3d 520, 524 (7th Cir. 2001).

When determining whether a police officer had probable cause to arrest, the Court asks whether the officer "had probable cause to believe that the predicate offense, as the state has defined it, has been committed." *Williams v. Jaglowski*, 269 F.3d 778, 782 (7th Cir. 2001). Here,

---

[1] Defendants suggest that qualified immunity offers a separate, independent basis for summary judgment. The Seventh Circuit has held, however, that in cases like these the issue of probable cause and the defense of qualified immunity are coextensive. *See Kelly v. Myler*, 149 F.3d 641, 648 (7th Cir. 1998); *Northen v. City of Chicago*, 126 F.3d 1024, 1027 (7th Cir. 1997). *See also Saffold v. City of Calumet Park*, 47 F.Supp.2nd 927, 932 (N.D. Ill. 1999) (the issue of probable cause and the defense of qualified immunity "merge and the only issue for the court to resolve is whether defendants had probable cause to carry out the disputed arrest").

4

both officers arrested Gaines for allegedly violating the Order of Protection, and Bailey arrested her for alleged assault as well.

First, there is a genuine issue of material fact whether the officers had probable cause to arrest Gaines for violation of the Order of Protection. It is undisputed that the Order of Protection did not apply to Gaines and that she was, therefore, incapable of violating it. Officers Clay and Bailey have testified, however, that they believed that the Order of Protection did in fact apply to Gaines and that Gaines had visited Wordlaw in violation of that Order. (*See* R. 22-1, Pl.'s LR. 56.1(a)(3) Resp., ¶¶ 14, 21.)

Defendants contend that probable cause requires simply a reasonable basis for making an arrest of initiating a prosecution and that an arrest is not unlawful simply because the information that the officer relied upon later proves to be false. *See, e.g., Kelley v. Myler*, 149 F.3d 641, 647 (7th Cir. 1998) ("[P]robable cause does not depend on the witness turning out to have been right; it's what the police know, not whether they know the truth that matters."); *see also Hughes v. Meyer*, 880 F.2d 967, 969 (7th Cir. 1989); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 439 (7th Cir. 1986). Here, Clay and Bailey suggest that they believed that the Order of Protection applied to Gaines and that there was, therefore, probable cause to arrest Gaines.

The reasonableness of the Officers' understanding of the Order of Protection, however, is in dispute. Worldlaw told both officers that the Order applied to her. (*See* R. 22-1, Pl.'s LR. 56.1(a)(3) Resp., ¶¶ 12, 19.) Clay had access to the Order of Protection itself, but testified that he merely "glanced at" the Order before confronting Gaines. (*See* 22-1, Pl.'s LR. 56.1(b)(3)(B) Statement, ¶ 7.) Bailey had access to the report concerning the May 17 arrest. (*Id.* ¶ 19.) Further, Gaines explained to both officers that the Order did not apply to her. (*Id.* ¶¶ 11, 21.)

5

Given this information available to Clay and Bailey, a jury might conclude that the officers' apparent belief that Gaines had violated the Order of Protection was unreasonable. Thus, viewing all the evidence in the light most favorable to Gaines, as this Court must do, there is a genuine issue of material fact whether the officers had probable cause to arrest her for violating the Order of Protection.

Second, there is a genuine issue of material fact whether the officers had probable cause to arrest Gaines for assault on either May 17 or June 11.[2] Under Illinois law, an individual commits assault when he or she "engages in conduct which places another in reasonable apprehension of receiving a battery." 720 ILCS 5/12-1. Significantly, Illinois courts interpreting the assault statute have held that "words alone are not usually enough to constitute assault. Some action or condition must accompany those words before there is a violation of the statute." *People v. Floyd*, 278 Ill.App.3d 568, 570-71, 663 N.E.2d 74, 76 (Ill. App. Ct. 1996). *See also Woods*, 234 F.3d at 996 (although mere "verbal assault is no crime under Illinois law," wielding a lead pipe while moving toward another and threatening to kill is "the paradigm case of assault as defined by the Illinois Criminal Code."). Thus, where the totality of the information available to a police officer is that an individual has merely uttered words, not accompanied by any overt action or condition which would cause a reasonable person to fear that a battery was imminent,

---

[2] Although Clay did not actually arrest Gaines for assault on May 17, both parties have argued the question whether he had probable cause to do so. Thus, Plaintiff does not suggest that the fact that Clay did not arrest Gaines for assault precludes the argument that, regardless whether there was probable cause to arrest Gaines for violation of the Order of Protection, the decision to arrest was justified because Clay had probable cause to arrest her for assault.

6

the officer lacks probable cause to arrest for assault. *See Soldal v. County of Cook*, 923 F.2d 1241, 1250 (7th Cir. 1991), *rev'd on other grounds, Soldal v. County of Cook*, 506 U.S. 56, 60 (1992).

Gaines argues that there was no probable cause to arrest her for assault because the only evidence available to the police officers was her alleged statements as relayed by Wordlaw. Specifically, she claims that the only basis for arresting her for assault would be her supposed statements that "she was going to get" Wordlaw. Further, Plaintiff emphasizes that Wordlaw admitted to the arresting officers that Gaines never threatened her with a weapon. (*See* 22-1, Pl.'s LR. 56.1(b)(3)(B) Statement, ¶¶ 6, 14.) Thus, Gaines contends that because the arresting officers had evidence of mere words, not accompanied by "any overt action or condition which would cause a reasonable person to fear that a battery was imminent, the officer[s] lack[ed] probable cause to arrest for assault." *Soldal*, 923 F.2d at 1250.

Contrary to Plaintiff's suggestion, however, the evidence available to the arresting officers was not limited simply to mere words. Indeed, Wordlaw informed both officers that Gaines had approached Wordlaw at her home to deliver the threatening message. (*See* R. 22-1, Pl.'s LR. 56.1(a)(3) Resp., ¶¶ 8, 19.) Moreover, Wordlaw told the officers that Gaines had approached her despite an Order of Protection obviously intended to limit contact between them. The existence of this Order of Protection would have suggested to the officers that the sisters had a history of trouble and that Gaines might have represented a threat to Wordlaw. In light of this evidence, a jury might conclude that the officers reasonably believed that Gaines was threatening Wordlaw and that the officers therefore had probable cause to arrest her for assault.

## CONCLUSION

The Defendants' motion for summary judgment (R. 17-1) and the Plaintiff's cross-motion for summary judgment (R. 22-1) are both denied.

Dated: January 10, 2003

_____
AMY J. ST. EVE
U.S. District Court Judge